**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ALEJANDRO HERRERA PRECIADO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　Respondent. | No.　16-72305<br><br>Agency No. A200-158-288<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:　RAWLINSON, CLIFTON, NGUYEN, Circuit Judges.

　David Alejandro Herrera Preciado, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying cancellation of removal. We dismiss

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Herrera Preciado failed to show exceptional and extremely unusual hardship to his qualifying relative. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012). Herrera Preciado's contentions that the agency failed to adequately evaluate evidence of hardship and failed to consider material evidence of hardship are not supported by the record and do not amount to colorable claims that would invoke our jurisdiction. *See id.* (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2010) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the agency] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal citation and quotation marks omitted)).

**PETITION FOR REVIEW DISMISSED**.